## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ADA AHIWE** | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:15-cv-11190** |
| | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.** | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Ada Ahiwe, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, <u>Ada Ahiwe</u> (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Suffolk County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>Midland Credit Management, Inc.</u> (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>San Diego County</u>, in the state of <u>Massachusetts</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    FACTUAL ALLEGATIONS

8.  Sometime before March 25, 2015, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to March 25, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Defendant then, within one year prior to the filing of this complaint, during the latter half of 2014, called Plaintiff and threatened to sue her with immediacy in the event of her nonpayment on the alleged debt that it was trying to collect on.  The month is now March of 2015, and Defendant has yet to sue Plaintiff for the alleged debt.  Defendant's threat

was a false and misleading statement, as it did not intend to sue Plaintiff with some

immediacy in the event of her nonpayment of the alleged debt.  It only made that threat at

that time in order to scare and frighten Plaintiff into making a payment on the alleged

debt, in violation of the FDCPA.  It really intended to continue to make pre-suit

collection efforts for many months.  This call by Defendant was a "communication", as

defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the

FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, §1692e(5),

§1692e(10), and §1692f.


## V.     CAUSES OF ACTION


### CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS


13. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.


14. The foregoing acts and omissions of Defendant and its agents constitute numerous

and multiple violations of the FDCPA including, but not limited to, each and every one of

the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to

Plaintiff.


15. Defendant's acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay on the alleged debt.

16. As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ada Ahiwe respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  March 25, 2015

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Consumer Rights Law Firm, PLLC
133 Main St., Second Floor
North Andover, Massachusetts 01845
Phone: (978) 420-4747
Fax: (888) 712-4458
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Ada Ahiwe demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.